NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES WALKER, | : | |
| Petitioner, | : | Civil Action No. 08-1378 (DMC) |
| v. | : | **O P I N I O N** |
| MICHELLE RICCI, et al., | : | |
| Respondents. | : | |

APPEARANCES:

James Walker, Pro Se
New Jersey State Prison
#235939C-4709
P.O. Box 861
Trenton, NJ 08625

**CAVANAUGH**, District Judge

This matter is before the Court on Petitioner's Petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, Petitioner will be ordered to show cause why the petition should not be dismissed without prejudice for failure to exhaust state remedies.

BACKGROUND

This background statement is taken from the allegations contained in the petition, and is accepted as true for purposes of this Opinion.

Petitioner plead guilty to and was convicted of aggravated manslaughter and first-degree robbery in the Superior Court of

New Jersey, Law Division, Passaic County. He was sentenced to 25 years incarceration with an 85% parole disqualifier.

Petitioner appealed to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), and on October 26, 2006, his case was remanded for resentencing. During the pendency of his appeal, he filed for certification in the New Jersey Supreme Court, which was denied on January 10, 2007.

Petitioner states that "on remand, trial court misapplied State v. Natale, 184 N.J. 458" and that his appeal is pending.

Petitioner states the following grounds for relief in this habeas petition:

1. Petitioner's right to counsel and right to remain silent were violated when officers "overborne [his] will."

2. Petitioner's right to be free from unreasonable searches and seizures was violated when investigating officers failed to obtain a warrant.

3. Evidence seized should have been suppressed in accordance with federal law.

Petitioner has not asserted that any of the above claims were heard in the state courts.

**ANALYSIS**

A.  <u>Standards for Sua Sponte Dismissal</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2254, 2255.

B.   <u>The Exhaustion Requirement</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  <u>See</u> <u>Rose</u>, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  <u>See, e.g.</u>, <u>O'Sullivan v.

4

Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

As a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims. District courts should dismiss petitions

containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[1] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d

---

[1] See 28 U.S.C. § 2244(d).

at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the

7

timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

In this case, it is not apparent to the Court as to whether or not the claims that Petitioner asserts in this habeas petition have been raised in all levels of the state court either on direct appeal or by way of a post-conviction relief motion. It is also not apparent when, or if, Petitioner's conviction became final, in order to determine whether or not the Rhines "stay and abeyance" would apply to his case.

Thus, the Court will order Petitioner to provide more information by way of the attached Order to Show Cause. Petitioner shall inform the Court, in writing, whether or not the grounds for relief he asserts in this petition have been raised in all levels of the state courts, when they were raised, and what the disposition of the claims was by the state courts.

8

Petitioner may submit any other information that he may deem helpful to the Court.

## CONCLUSION

For the foregoing reasons, Petitioner will be ordered to show cause why the petition should not be dismissed without prejudice for failure to exhaust state court remedies. An appropriate Order follows.

/s/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated: 5/13/08